### IOWA MFG. CO. v. TAYLOR.

(Court of Civil Appeals of Texas. Austin. April 29, 1913.)

1. JUSTICES OF THE PEACE (§ 44*)—JURISDICTION—LIEN.

Where plaintiff sued in a justice court for breach of an employment contract and to enforce a lien on property exceeding $200 in value, but before trial he dismissed his lien claim,

the court did not err in overruling defendant's plea to the jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

2. PRINCIPAL AND AGENT (§ 89*)—CONTRACT OF EMPLOYMENT—EVIDENCE.

Where plaintiff's contract of employment to sell vehicles for defendant provided that defendant might cancel orders because of insufficient financial ability of buyers, in its discretion it was immaterial what plaintiff thought as to the responsibility of buyers, and hence evidence that plaintiff always made diligent inquiries as to such responsibility and never sent in orders unless he thought the parties were good was immaterial.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 229–239; Dec. Dig. § 89.*]

3. EVIDENCE (§ 213*)—EFFORTS AT COMPROMISE.

Where plaintiff sued on a contract for services performed and expenses incurred, evidence that he spent two weeks in trying to effect a settlement with defendant was immaterial.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

4. EVIDENCE (§ 213*)—EFFORTS AT COMPROMISE.

In an action on a contract for services performed and expenses incurred, evidence that plaintiff made several efforts to settle with defendant, but that they could not agree on the amount, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

5. EVIDENCE (§ 129*)—SIMILAR TRANSACTIONS —BREACH OF CONTRACT.

Where a salesman's contract provided a forfeiture of $2 for canceled orders, evidence that defendant had made similar contracts with other salesmen, but had not at all times enforced such forfeiture against them, was immaterial.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 388–393, 395–398; Dec. Dig. § 129.*]

6. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

Where, in an action on a contract of employment, defendant pleaded a set-off, an instruction that if, when the last contract was made, no demand was made of plaintiff for the sum claimed in the set-off for advances made, and after plaintiff's discharge, in undertaking to settle their differences, no such claim was made, then plaintiff was not liable therefor, was objectionable as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from Caldwell County Court; Geo. W. Kyser, Judge.

Action by J. M. Taylor against the Iowa Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. B. Coopwood, of Lockhart, and G. W. Mendell, Sr., of Austin, for appellant. J. B. Hatchitt, of Lockhart, for appellee.

JENKINS, J. Appellee brought this suit in the justice's court for salary, expenses, and commission alleged to be due him upon the following agreement with appellant: "Memorandum of agreement made this 15th day of May, 1911, by and between the Iowa Manufacturing Company of Des Moines, Iowa, and J. M. Taylor of Commerce, Texas. The Iowa Manufacturing Company agrees to hire the said J. M. Taylor and he agrees to work for them for such portions of the year, beginning May 15, 1911 and ending May 15, 1912, as the Iowa Manufacturing Company may direct at a salary of $60 per month and actual expenses while on the road for them. Traveling expenses to commence at the time of leaving Austin, Texas, and continue until returning to Commerce, Texas, at the end of the year. It is understood that no salary or expense shall be paid for any time lost by sickness or any other cause which is the fault of the said J. M. Taylor, and the Iowa Manufacturing Company reserves the right to cancel this contract at any time that the said J. M. Taylor is not making sales to warrant the above-named salary. Said J. M. Taylor hereby agrees to faithfully carry out all instructions given him to the best of his ability and to use his best endeavors to promote the interests of the Iowa Manufacturing Company in every respect, and to give his whole time and undivided attention to their business exclusively and in whatever capacity they may direct. In addition to the above-named monthly salary J. M. Taylor is to receive 2 per cent. of all cash payments made on or before the delivery of the vehicle when sale is approved, and is to forfeit $2 for each canceled sale that he reports. At the termination of this contract he is also to receive $10 per job for all approved sales made over 92 approved sales reported by him during the year, providing his average expense per job does not exceed the average expense of the entire selling force."

As originally filed, appellee sought to enforce a lien on property exceeding $200 in value, but he dismissed this portion of his claim in the justice's court before trial, and also dismissed the same in the county court. Appellant filed a counterclaim, alleging that when said contract was entered into appellee was indebted to it in the sum of $42.20 on a prior contract, and also claimed $2 forfeit on 14 canceled sales, and pleaded general denial and specially denied the item of $7.50 commission.

[1] Appellant's first assignment of error is as to the court's overruling its plea to the jurisdiction on account of the claim originally filed in the justice's court to enforce lien on property of the value of more than $200. Appellee abandoned his claim for lien, and hence the court did not err in overruling the plea to the jurisdiction.

[2] Appellant assigns error on the court's permitting appellee to testify that he always made diligent inquiries as to the responsibility of buyers, and never sent in any orders,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

unless he thought the parties were good. This testimony was relative to the claim of appellant of $2 for each order canceled. The contract provides that appellant might cancel such orders at its discretion, and it is immaterial that appellee thought the parties to whom he made sales were good. Hence it was error to admit this testimony.

[3] The court erred in permitting appellee to testify that he spent two weeks in trying to effect a settlement with appellant. His suit was upon his contract for services performed and expenses incurred, and it is immaterial as to what time he spent in trying to effect a settlement.

[4] Also the court erred in compelling the witness Layborn, the manager of appellant, to testify that appellee made several efforts to settle with the company, but that they could not agree upon the amount.

[5] Also the court erred in compelling the witness Layborn to testify that he made contracts with other parties with a similar clause as to forfeiture for sales canceled by the company, but did not at all times enforce same against such other parties, and particularly that he did not enforce this part of the contract against one Bolton when he settled with him. The contract provided for such forfeiture, and it was immaterial whether or not the company enforced a similar forfeiture clause against other parties.

[6] We sustain appellant's assignment as to the charge of the court with reference to the $42 off-set pleaded by defendant. The court charged the jury that if "at the time said last contract was entered into no demand of plaintiff for said amount so claimed for said advances was made, and you further find that after discharge of plaintiff by defendant in undertaking to settle their differences no claim was made prior to such advances, then plaintiff would not be liable for them, and you will not allow defendant's 'said claim of $42 as an offset." This charge is clearly upon the weight of the evidence.

As this case is to be reversed for the reasons herein stated, we will only remark as to the language of appellee's counsel in addressing the jury that it was highly improper and prejudicial.

Reversed and remanded.